UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HUMANA INC., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., et al., <br><br> Defendants. | M.D. Fla. Case No. <br> 6:21-cv-72-Orl-41DCI |

## MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED MOTION TO QUASH OR MODIFY SUBPOENA

Movant Fran Gregory requests under Federal Rule of Civil Procedure 45(d)(3)(A) that this Court quash a subpoena served by Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively, "Teva") on November 30, 2022 in the above-captioned case. The subpoena commands that Ms. Gregory, a Southern District of Ohio resident, appear for deposition by videoconference on December 9, 2022 at 10 AM ET (Ex. A). The subpoena must be quashed or modified under Rule 45(d)(3)(A)(i) and (iv) because it fails to allow a reasonable time to comply and subjects Ms. Gregory, a former employee of Humana and a non-party to this case, to undue burden.

### BACKGROUND

In January 2021, Plaintiff Humana Inc. ("Humana") filed a complaint in the Middle District of Florida against drug manufacturer Teva and co-Defendants Advanced Care Scripts, Inc. and AssistRx Inc., alleging that Defendants obtained improper insurance reimbursements for Teva's multiple sclerosis ("MS") drug Copaxone by orchestrating donations to several sham charities. Those charities superficially appeared to offer funds to cover patient copays for an array of MS

drugs, when in reality the "charitable fund" was cover for a kickback scheme funded by Teva to cover only Copaxone copays, in violation of federal law, and to funnel hundreds of millions of dollars of insurance proceeds back to Teva and its co-conspirators. On thousands of occasions over that period, Defendants caused false certifications to be made to Humana that Teva was complying with federal law—including the anti-kickback and false claims laws that prohibit a manufacturer's co-pay support solely for its own drug—when they knew it was not. As a result, Humana unwittingly paid for more Copaxone prescriptions and at higher prices than it otherwise would have.

Teva's subpoena to Ms. Gregory is dated November 23, 2022, (*see* Ex. A), but Ms. Gregory's subpoena was not served at her residence until November 30, 2022, and she did not personally receive the subpoena until December 1, 2022. The subpoena commands Ms. Gregory to sit for a deposition under Federal Rule of Civil Procedure 45, nine days after service and eight days after Ms. Gregory received the subpoena. Ms. Gregory reached out to Humana promptly regarding her service, and Humana offered to make its legal counsel available to her as a former employee. Ms. Gregory retained undersigned counsel shortly after her service and provided Teva with a proposed deposition date of January 5, 2023. Over conferences by telephone and electronic mail on December 6, 2022, Teva represented that they expected Ms. Gregory to appear on Friday, December 9, 2022, reserved all rights with respect to her noticed deposition date, and opposed the relief requested in the present motion.

## LEGAL STANDARD

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "On timely motion, the court for the district where compliance is required must

2

quash or modify a subpoena that: (i) fails to allow a reasonable time to comply ... or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The place of compliance for a deposition is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).

## ARGUMENT

The subpoena commands Ms. Gregory to sit for a deposition under Federal Rule of Civil Procedure 45 on Friday, December 9, 2022, at 10 AM ET. Teva's subpoena fails to provide Ms. Gregory with reasonable time to comply. Ms. Gregory received her subpoena only eight days before the date it ordered her to appear for a deposition. She promptly retained undersigned counsel and provided an alternate deposition date. Ms. Gregory is a Vice President at Cardinal Health, and her job involves numerous year-end commitments related to budgeting and the closing of the fiscal year. As a result, she is not available to prepare or sit for a deposition until January 2023.

The Local Rules in the Middle District of Florida, where this case is pending, provide that a deposition by oral examination requires fourteen days' written notice. *See* M.D. Fla. L.R. 3.04. Here, Ms. Gregory received only nine days' notice based on the date of service, and eight days based on her actual receipt of the subpoena. Under Rule 45(d)(3)(A), the Court, where Ms. Gregory resides and her compliance is required, must quash or modify Teva's subpoena because it fails to allow her a reasonable time to comply and subjects her to the undue burden of interfering with and preventing her from attending her work commitments. *See Gillispie v. City of Miami Township*, No. 3:13-cv-416, 2022 WL 16724616, at *2 (S.D. Ohio Nov. 7, 2022) (quashing subpoena for the witness under Rule 45 where the non-party witness received five days' written notice); *Greacen v. Town of Redington Beach*, No. 8:20-cv-2568-JSM-AAS, 2021 WL 2551625, at *2 (M.D. Fla.

3

June 22, 2021) (granting motion to quash deposition subpoena where witness received only eight days' notice).

## CONCLUSION

Because the subpoena fails to allow a reasonable time to comply and subjects Ms. Gregory to undue burden as described herein, Fed. R. Civ. P. 45(d)(3) requires the subpoena to be quashed or modified to require compliance on January 5, 2023, to allow Ms. Gregory reasonable time to comply.

Dated:  December 7, 2022

Respectfully submitted,

*/s/ Joseph Ashbrook*

Joseph P. Ashbrook (0091279)
Ashbrook Byrne Kresge, LLC
PO Box 8248
Cincinnati, Ohio 45249
Tel: (513) 582-7424
Fax: (513) 216-9882
jpashbrook@ashbrookbk.com

Scott C. Solberg (*pro hac vice forthcoming*)
Benjamin E. Waldin (*pro hac vice forthcoming*)
EIMER STAHL LLP
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Email: ssolberg@eimerstahl.com
         bwaldin@eimerstahl.com

*Attorneys for Movant Fran Gregory*

## CERTIFICATE OF SERVICE

I certify that on December 7, 2022, a true and correct copy of the foregoing will be served on all counsel of record via electronic email.

*/s/  Benjamin E. Waldin*